UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VINCENT BASCIANO,

               Petitioner,                            **ORDER**

      v.                                       07-CV-421 (NGG) (RML)

JERRY MARTINEZ,

               Respondent.
-------------------------------------------------------X

GARAUFIS, United States District Judge.

Defendant Vincent Basciano ("Basciano") is currently housed at the Metropolitan Detention Center ("MDC") in Brooklyn awaiting trial in a case in which he faces a possible death sentence. His conditions of confinement include placement in a Special Housing Unit ("SHU"), the most secure housing unit within the MDC, and the imposition of Special Administrative Measures ("SAMs") that restrict, *inter alia*, his visitation privileges. Specifically, the SAMs currently permit non-legal visits only with immediate family members, to include spouses, natural children, parents, and siblings. (See December 7, 2007 letter to the court from Adam M. Johnson, MDC Senior Staff Attorney, at 2.) As a result, both parties have represented to the court that Basciano has not seen his six-year-old son, Anthony Kalb, for approximately 17 months because his mother, Deborah Kalb, is not allowed to visit Basciano under the SAMs restrictions.

At a November 30, 2007 hearing, the Government informed the court that it was working with Bureau of Prisons ("BOP") officials at the MDC to allow limited visitation privileges for

1

Deborah Kalb which would, by extension, facilitate visitation for Anthony Kalb. Indeed, the MDC's local rules provide that parents of inmates' children will be considered "immediate family" and permitted social visiting so long as the unincarcerated parent has no criminal history and the child is brought to every visit. (Id.) In MDC Staff Attorney Adam Johnson's December 7, 2007 letter, however, he informed the court that even if the SAMs were amended, provisions could not be made for Anthony Kalb to visit Basciano at the MDC under BOP policies prohibiting the visitation of minor children in the SHU.[1]

While acknowledging the BOP's position regarding visitation of minor children at the MDC, the court is also mindful of the hardship on six-year-old Anthony Kalb of being unable to see his father for such a lengthy period of time. Therefore, the court directs that on December 20, 2007, either immediately prior to or immediately after the scheduled 11:00 a.m. oral argument in this case, Deborah Kalb shall be permitted to accompany Anthony Kalb for a one-hour visit with Basciano in a consultation room under the jurisdiction of the United States Marshals at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201.

The terms of the visit are as follows: The visit will be non-contact, subject to the same monitoring requirements applicable under the SAMs to a non-contact visit at the MDC, including monitoring the conversations and activities of all parties present. The court directs the Government to arrange for appropriate monitoring and to oversee compliance with any other SAMs requirements for non-contact family visitation.

To the extent that this Order modifies the SAMs by allowing Deborah Kalb to be present

---

[1] For purposes of this Order, the court need not recite the specific policies set forth in Mr. Johnson's letter and makes no findings as to the merits of the argument set forth therein.

at the visit, that modification is limited solely to the single visit ordered herein. In addition, the court's provision of this one-time, holiday visit for Basciano by his biological son and his son's mother should not be construed to reflect the court's views or ultimate determination on the merits of Basciano's pending habeas corpus petition, in which Basicano seeks a return to the general prison population and the removal of the SAMs restrictions.

SO ORDERED.

Dated: December 14, 2007  
      Brooklyn, N.Y.

          s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge