UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VINCENT BASCIANO,

                                        **MEMORANDUM AND ORDER**

          Petitioner,

     - against-                                    07-CV-421 (NGG) (RML)

CAM LINDSAY, Warden of the Metropolitan
Detention Center,

          Respondent.
----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Vincent Basciano ("Basciano" or "Petitioner") seeks reconsideration of the court's January 14, 2008 Memorandum and Order ("January 14 M&O") adopting Magistrate Judge Robert M. Levy's Report and Recommendation ("R&R") and denying Basciano's 28 U.S.C. § 2241 habeas corpus petition. For the reasons set forth below, the motion for reconsideration is denied. Familiarity with the January 14 M&O is assumed.

**I.    Jurisdiction to Consider the Post-Judgment Motion**

As an initial matter, Petitioner has not specified which Federal Rule of Civil Procedure or Local Rule governs his post-judgment motion. Because Petitioner filed his motion for reconsideration within ten days of the entry of judgment,[1] the court will treat it as a motion for

---

[1] The Clerk of Court entered judgment on January 16, 2008. (See Docket Entry # 42.) Basciano initially filed his motion for reconsideration on January 24, 2008. (See Defense Counsel's letter to the court dated February 8, 2008 ("Feb. 8 Ltr.") (Docket Entry # 46).) The docket sheet no longer reflects that date of filing, however, due to some disagreement between Basciano and defense counsel as to which draft of the motion should have been submitted to the court. (See Docket Entry # 44 dated January 31, 2008.) The resolution of that disagreement resulted in defense counsel asking the court to consider as its submission the draft now docketed at Docket Entry # 45 and dated February 7, 2008. (See Feb. 8 Ltr.) Despite this date on the

1

alteration or amendment of the judgment pursuant to Fed. R. Civ. P. 59(e). See Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 401 (2d Cir. 2000) ("A postjudgment motion requesting alteration or amendment of the judgment . . . is generally treated as having been made under Rule 59(e) . . . if the motion was filed within the 10-day period allowed for a Rule 59(e) motion."); cf. United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993) ("We conclude that a motion to reconsider a section 2255 ruling is available, [and] that it is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order. . . .").

A timely filed Rule 59(e) motion extends the time to file a notice of appeal, see Fed. R. App. P. 4(a)(4)(A)(iv) (the time to file an appeal runs from the entry of an order disposing of a Rule 59(e) motion), but in this case Petitioner already filed his notice of appeal on March 13, 2008, (see Docket Entry # 50). Generally, filing a notice of appeal divests a district court of jurisdiction. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) "(The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, where, as here, the notice of appeal is filed while a timely filed Rule 59(e) motion is pending, the trial court retains jurisdiction over the post-judgment motion, and the notice of appeal does not become effective until entry of an order disposing of the Rule 59(e) motion. See Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment — but before it disposes of any motion listed in Rule

---

docket sheet, the court deems Basciano's motion to have been filed on January 24, 2008, which is within the ten-day filing requirement for a Fed. R. Civ. P. 59(e) motion. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."); Fed. R. Civ. P. 6(a) (when the period for filing is less than 11 days, exclude intermediate Saturdays, Sundays, and legal holidays).

4(a)(4)(A) — the notice becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered."); 4(a)(4)(A)(iv) (motion to alter or amend the judgment under Rule 59 listed as qualifying post-judgment motion); Hodge v. Hodge, 269 F.3d 155, 157 (2d Cir. 2001) (per curiam) (a timely filed motion listed in Rule 4(a)(4)(A)(i) postpones the effectiveness of the notice of appeal); Gaither v. Housing Auth. of the City of New Haven, No. 07-CV-667 (WWE), 2008 WL 906843, at *1 (D. Conn. March 31, 2008) (Rule 4(a)(4)(A)(iv) "provides that the trial court has jurisdiction to consider a *timely filed* motion for reconsideration even when there is a pending notice of appeal.") (emphasis in original). Thus, this court has jurisdiction to consider Petitioner's motion for reconsideration, notwithstanding his previous filing of a notice of appeal, and the notice of appeal will become "effective" when this order disposing of the motion is entered.

## II. Standard of Review

"The standard for granting a motion for reconsideration pursuant to Rule 59(e) is strict, and reconsideration will generally be denied." See McAnaney v. Astoria Financial Corp., No. 04-CV-1101 (JFB), 2008 WL 222524, at *3 (E.D.N.Y. Jan. 25, 2008) (citation and internal quotation marks omitted). "Such a motion is appropriate when the moving party can demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Id. (citation and internal quotation marks omitted). "Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." Id. (citation and internal quotation marks omitted).

**III. Discussion**

A brief word is in order regarding Petitioner's contention that reconsideration is warranted because the court did not address his procedural due process arguments in the January 14 M&O, specifically his contention that he received inadequate notice of the basis for his removal from general prison population and that he has not had a fair opportunity to challenge the resulting restrictive conditions of confinement. (See Memorandum in Support of Motion for Reconsideration of Order Denying Habeas Relief (Docket Entry #45) at 8-13.) Basciano did raise similar procedural due process arguments in his initial brief in support of his Petition. (See Memorandum of Law in Support of Vincent Basciano's Motion Pursuant to 28 U.S.C. § 2241 and the Bail Reform Act, 18 U.S.C. § 3142 for an Order Directing the Government and the Bureau of Prisons to Release Him from Special Administrative Measures of Confinement (Docket Entry # 1) at 25-27.) Furthermore, Basciano is correct that the January 14 M&O did not address these particular procedural due process arguments, except insofar as the denial of his request for an evidentiary hearing and the rejection of his Confrontation Clause argument may have done so tangentially. (See January 14 M&O at 17, 21.) Instead, the court denied the Petition under the standards for assessing the constitutionality of pre-trial conditions of confinement as set forth in Bell v. Wolfish, 441 U.S. 520 (1975).

The argument fails as support for Basciano's motion for reconsideration, however, because while Judge Levy alluded to these procedural due process claims in his R&R, he did not address or resolve them on the merits. Because Basciano did not object to this omission in his objections to the R&R (see Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Docket Entry #24)), he waived further review of the issue by this court. See

Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point"; noting that Petitioner waived a claim that was not specifically addressed in the magistrate's report recommending dismissal of a § 2241 petition and the omission was not questioned in Petitioner's objections to the district court); see also, Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir.2002). In other words, Basciano's procedural due process claims were not before this court in deciding the habeas petition.

What is more, Basciano's newly appointed counsel did not seek to revive the claims when the court allowed submission of a Revised Supplemental Memorandum in further support of Basciano's Petition. (See Revised Supplemental Memorandum in Support of His Habeas Petition, To Release Him From SHU and SAM Restrictions, Or in the Alternative, To Be Granted an Evidentiary Hearing on the Issues Raised in the Petition Filings ("Supp. Mem.") (Docket Entry # 38).) Instead, the submission focused on challenging the Government's proffered evidence of Basciano's dangerousness and on the ways in which his current conditions of confinement are hampering his ability to prepare his defense.[2] The court now clarifies that it considers Basciano to have waived his procedural due process claims as set forth in his brief and reply brief in support of his motion for reconsideration.[3]

---

[2] In the Background section of his supplemental brief, Basciano stated that his July 28, 2006 transfer from general population occurred without "documentation or formal charges or an explanation for the sudden move." (Supp. Mem. at 5.) Other than this descriptive statement, Basciano failed to argue that his procedural due process rights were violated, except insofar as he continued to seek an evidentiary hearing to challenge the nature of the list. (See id. at 6-24.)

[3] As counsel is no doubt aware, this waiver is non-jurisdictional, and the circuit court may excuse the default on appeal if the interests of justice so require. See Nash, 328 F.3d at 107.

5

The court has carefully considered each of Petitioner's additional arguments in support of reconsideration and finds that he has failed to demonstrate that the court overlooked any controlling decisions or material facts that might materially have influenced its earlier decision.

### III. Conclusion

Accordingly, Petitioner's request for reconsideration of the January 14 M&O is denied.

SO ORDERED.

Dated: April 9, 2008
      Brooklyn, N.Y.

      s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge